# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILFRED CARBAJAL,

      Plaintiff,

vs.                                     No. CV 16-00890 WJ/KK

MAJOR ARAGON, WARDEN E. BRAVO,
ASSOCIATE WARDENS R. ULIBARRI,
J. JOHNSON, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Wilfred Carbajal on August 4, 2016 ("Complaint") (Doc. 1). The Court will dismiss the Complaint for failure to state a claim and will impose a "strike" under 28 U.S.C. § 1915(g).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wilfred Carbajal is a prisoner incarcerated at the Otero County Prison Facility ("OCPF") in Chaparral, New Mexico. (Doc. 1 at 1). Carbajal filed his Complaint asserting civil rights violations under 42 U.S.C. § 1983. (Doc. 1). Carbajal's Complaint alleges violation of the following constitutional rights:

> "Count I: Constitutional violation of my right to be free from cruel and unusual punishment including physical, emotional, and psychological harm . . .
> Count II: Violations of my fourth amendment right to be secure in their persons. . .
> Count III: Violation of Constitutional Amendment V . . .Nor shall any person be subject for the same offense to be twice put in

jeopardy of life or limb."

(Doc. 1 at 8-9). The supporting factual allegations of the Complaint state:

> "Major Aragon came on 1B Pod and announced that this pod is not
> a protective custody unit and all inmates will be moved to housing 2
> (which places us in imminent harm of physical attack by inmates
> due to the nature of our charges.) And anyone who refuses will be
> written up, placed in disciplinary seg. our good time taken, loss
> of commissary, and we would not be able to contact our family by
> phone, visits, or mail . . .
> Major Aragon with the approval of the warden's has made it a personal
> issue to force men to enter prison confines knowing that to do so
> would surely put men's lives in danger."

(Doc. 1 at 8-9). Carbajal's address of record indicates he is currently incarcerated at OCPF, but the claims he asserts appear to arise out of conditions or events at a different prison, Guadalupe County Correctional Facility ("GCCF"). (Doc. 1 at 4).

Carbajal only names four individuals in the case caption. (Doc. 1 at 1). However, he lists a total of 27 Defendants in the body of his Complaint and seeks relief from additional entities and individuals not even identified as Defendants in his "Defendant Culpability" list. (Doc. 1 at 2-7, 13-14). Although Carbajal is the only identified Plaintiff, Carbajal's Request for Relief indicates that "we" seek damages ranging from $80 million against the New Mexico Corrections Department to $350,000 from certain case workers and a chaplain. (Doc. 1 at 11, 13-14).

## II. DISMISSAL FOR FAILURE TO STATE A CLAIM

The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d

1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. ANALYSIS OF PLAINTIFF CARBAJAL'S CLAIMS

Plaintiff Carbajal seeks relief under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. As set out, below, the Court concludes that Plaintiff's Complaint fails to state a claim for relief under § 1983.

### A. *Claims of Unnamed Plaintiffs:*

Carbajal's Complaint makes reference to "many inmates" and "our type of prisoners." (Doc. 1 at 2, 11). His Request for Relief uses the plural form "we" in asking for recovery of

4

damages. (Doc. 1 at 11). Plaintiff Carbajal may bring his own claims for relief, but may not seek to recover on behalf of other inmates.

A pro se litigant may bring his own claims to federal court without counsel, but may not bring the claims of others or act on behalf of others. Although a pro se litigant has the right to assert his own claims, he cannot represent or act for other plaintiffs because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320, 1321 (10th Cir.2000) (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769. To the extent Carbajal seeks to assert claims and recover on behalf of other inmates, his allegations on behalf of others fail to state any claim for relief, and those claims will be dismissed.

### B. Claims Against New Mexico Corrections Department and Official Capacity Claims Against State Officials:

Although not listed as a Defendant in his "Defendant Culpability" list, Plaintiff Carbajal seeks $80 million in damages from the New Mexico Corrections Department. (Doc. 1 at 11). He also seeks to assert claims against the New Mexico Corrections Department Secretary Gregg Marcantel, New Mexico Corrections Department Monitor G. Chavez, and Deputy Director of Adult Prisons Joe Booker in their official capacities. (Doc. 1 at 4-5). The New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico. Official capacity claims against New Mexico Corrections Department officers are also claims against the State. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. *Id. at*, 63-64. Therefore, the claims against the New Mexico Corrections Department and the official capacity claims against Secretary Marcantel,

Monitor Chavez, and Deputy Director Booker will be dismissed for failure to state a claim for relief.

### C. Civil Rights Claims Against Guadalupe County:

Plaintiff Carbajal asserts claims against Guadalupe County as the "property owner" that "contracted with NMCD to provide prison services which they have subcontracted to the Geo Group, Inc." (Doc. 1 at 4). The allegations of the Complaint are insufficient to state a § 1983 claim for relief.

A county may not be held liable under a *respondeat superior* theory in a § 1983 case. Instead, a plaintiff seeking to impose § 1983 liability on a county must identify a custom or policy that caused the plaintiff's injury. *J.B. v. Washington* County*,* 127 F.3d 919, 923 (10th Cir.1997) (citing *Board of* County *Comm'rs of Bryan* County *v. Brown,* 520 U.S. 397, 403 (1997)). To establish liability of a county government under § 1983, a plaintiff must demonstrate: (i) that an officer committed an underlying constitutional violation; (ii) that a county policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir.2006). Such a policy or custom may be established by proving the existence of an express policy or custom, or the provision of inadequate training, or a practice so widespread as to constitute custom or usage with the force of law. *Winters v. Board of* County *Comm'rs,* 4 F.3d 848, 855 (10th Cir.1993); *Sauers v. Salt Lake* County*,* 1 F.3d 1122, 1129 (10th Cir.1993).

Although Carbajal makes a generalized statement that Guadalupe County owns GCCF and contracted to provide prison services, he does not identify any policy or custom of Guadalupe County. Nor does he allege that any policy or custom of Guadalupe County actually caused a deprivation of any constitutional right. His generalized allegations are factually

insufficient to state a federal civil rights claim against Guadalupe County. *Graves v. Thomas*, 450 F.3d at 1218; *J.B. v. Washington* County*,* 127 F.3d at 923. The Court will dismiss the claims against Guadalupe County for failure to state a claim on which relief can be granted.

### *D. Claims Against Prosecutors:*

Carbajal's Defendant Culpability list includes the Attorney General's Office, Attorney General Gary King, Attorney General Hector Balderas, and Guadalupe County District Attorney. The Complaint alleges that, in their prosecutorial capacity, these entities and officials knew of unspecified felony violations at GCCF, but failed to prosecute that criminal activity. (Doc. 1 at 5-6).

Prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Plaintiff Carbajal seeks to hold the prosecutorial Defendants liable for damages in the performance of prosecutorial functions. These Defendants are immune from damages for their prosecutorial activities and the Complaint fails to state a § 1983 claim for relief. The claims against the Attorney General's Office, Attorney General Gary King, Attorney General Hector Balderas, and Guadalupe County District Attorney will also be dismissed.

*E. Constitutional Claims:*

Carbajal makes general allegations of violation of his Fourth, Fifth, and Eighth Amendment rights. (Doc. 1 at 8-9). Carbajal, however, does not set out any plausible supporting facts that might establish a constitutional violation by any Defendant. Carbajal alleges that one GCCF prison official, Major Aragon, advised Plaintiff and other inmates that they were going to be moved to another Pod and threatened them that, if they refused to move, disciplinary actions could be imposed on them. (Doc. 1 at 8). Carbajal claims this violated his Eighth, Fourth, and Fifth Amendment rights because he was fearful that he could be subjected to physical harm as a result of the move. (Doc. 1 at 8-9). He does not contend that he ever suffered physical harm or was subjected to disciplinary action.

Plaintiff Carbajal's allegations do not show that the actions of Major Aragon resulted in any violation of the Constitution. *Ashcroft v. Iqbal,* 556 U.S. at 676. To the contrary, Carbajal's allegations show no more than a speculative fear that Carbajal might be subjected to some harm as a consequence of the move to a different Pod. Nor do his claims that other Defendants approved or knew of Aragon's actions establish any personal involvement by those officials in any alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d at 1162.

Carbajal's generalized statements that Defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Carbajal's claims do not allege that any individual engaged in conduct that resulted in a violation of Carbajal's constitutional rights. His Complaint fails to state a § 1983 claim for relief against any identified Defendant and will be dismissed under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6).

### F. Amendment Would Be Futile:

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. As set out, above, Carbajal's claims are directed to conditions at GCCF and his claims are directed against possible future consequences rather than actual constitutional injuries. Prior to filing of his Complaint, Carbajal was apparently transferred to OCPF and is now incarcerated at OCPF rather than at GCCF. Therefore, he does not have any current claims arising out of his incarceration at GCCF and he will experience no future consequences of incarceration at GCCF. Because he is incarcerated at a different facility, he will not be able to amend to state a legally sufficient claim against GCCF officials or arising out of incarceration at GCCF. *Bradley v. Val-Mejias,* 379 F.3d at 901.

### G. The Court Will Impose a § 1915(g) Strike:

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Carbajal's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the Prison Litigation Reform Act§ 1915(g). Carbajal is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) Plaintiff Wilfred Carbajal's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim; and

(2) a **STRIKE** is imposed against Plaintiff Carbajal under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE